41 F.3d 1508
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian PHILLIPS, Defendant-Appellant.
 No. 93-2381.
 United States Court of Appeals, Sixth Circuit.
 Nov. 22, 1994.
 
 Before: KENNEDY, CONTIE and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant, Brian Phillips, pled guilty to one count of solicitation of bank robbery, in violation of 18 U.S.C. Sec. 373. In sentencing defendant, the District Court assigned him a five offense level enhancement for possession of a firearm during the commission of this offense. Defendant now appeals, arguing that this enhancement was erroneous. We affirm.
 
 I.
 
 2
 In April 1993, defendant approached Matthew Svevad about the possibility of robbing a bank. Svevad reported this approach to the local police and the FBI, who requested Svevad's cooperation in investigating the potential crime. Svevad told defendant he agreed to the plan, and proceeded to tape record several conversations between himself and defendant about the proposed robbery.
 
 
 3
 On April 21, 1993, the day before the proposed robbery, Svevad recorded a conversation between himself and defendant in which defendant indicated his intention to obtain a couple of guns from his father, in addition to his own gun. The two men then arranged to meet the next morning. Svevad also recorded their conversation at the morning meeting. In that conversation, the two men discussed the fact that defendant had three guns in his trunk.
 
 
 4
 The two men then travelled to a commuter parking lot approximately ten miles from the bank. At that point, the FBI closed in and arrested defendant. A subsequent search of defendant's trunk revealed three guns. Each gun was disassembled and in a case.
 
 II.
 
 5
 The sentencing guidelines direct a district court to determine the base offense level for solicitation of a crime by looking to the base offense level for the substantive offense, including any adjustments "for any intended offense conduct that can be established with reasonable certainty." U.S.S.G. Sec. 2X1.1(a). Section 2B3.1 of the Guidelines sets forth the relevant sentencing information for robbery, and informs the district court that a five level enhancement should be assessed if the defendant "brandished, displayed, or possessed" a firearm. U.S.S.G. Sec. 2B3.1(b)(2)(C).
 
 
 6
 During the sentencing hearing, the District Court stated:
 
 
 7
 On the morning of the attempted bank robbery or at least the contemplated bank robbery, there was a conversation on a body tape, I think, by Matthew Svevad, and according to the tape, Matthew says, "You got all of the guns?" And Matthew says again, "In the trunk?" And then the defendant says, "Three guns." And Matthew says, "Three, in the trunk?" And Matthew says, "All right."
 
 
 8
 The Court is of the opinion they were talking about guns to be used and possessed in connection with the intended contemplated robbery.
 
 
 9
 Joint App. at 149-150. This is a factual finding, and it is well settled that we review a district court's factual findings for clear error.
 
 
 10
 Defendant contends that the enhancement was erroneous for several reasons. He first argues that, due to the timing of the FBI's arrest, it is not "reasonably certain" that defendant would have actually attempted the robbery, much less used the guns during any robbery attempt. He also points out that the transcripts of the conversations between himself and Svevad never discuss specifics concerning the use of the guns, or even whether the two were planning to use the guns in the course of the robbery.
 
 
 11
 These arguments are all insufficient to establish that the District Court's factual findings were clearly erroneous. Defendant is really arguing that the District Court could have reached different factual conclusions.
 
 III.
 
 12
 We AFFIRM the District Court.